IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC WILBURN, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-108 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Eric Wilburn, a pro se prisoner, on February 29, 2016. For the reasons set forth below, the court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4 and this case is **DISMISSED**.

DISCUSSION

Wilburn filed a habeas corpus petition challenging ISO 16-01-0010, a prison disciplinary proceeding held at the Indiana State Prison. On January 27, 2016, the Disciplinary Hearing Officer (DHO) found him guilty of Disorderly Conduct in violation of B-236. As a result, he was sanctioned with the loss of 30 days earned credit time. In his petition, he attempts to raise three ground to challenge the finding of guilt. In his petition, Wilburn acknowledges that he did not present any of these grounds to the Final Reviewing Authority. DE 1 at 2 and 6.

In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Because Wilburn concedes that he did not present these three grounds to the Final Reviewing Authority, they are all procedurally defaulted. Nevertheless, procedural default can be excused and the court can consider a claim that was not properly raised if a petitioner can demonstrate cause and prejudice. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). Here, Wilburn explains that he was unfamiliar with the appeal process and he had another

inmate prepare the appeals for him. However, "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Indeed, *Harris* went on to hold that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default. Therefore, Wilburn's ignorance does not excuse the procedural default.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4 and this case is **DISMISSED.**

DATED: March 3, 2016 /s/RUDY LOZANO, Judge
United State District Court